Naman Barnes, Jr., was indicted and convicted for two counts of attempted murder in violation of Ala. Code 1975, § 13A-4-2, and § 13A-6-2. He was sentenced to two consecutive 20-year terms of imprisonment. Three issues are raised on appeal.
 I
Barnes contends that the trial court committed reversible error by failing to administer an oath to the jury venire prior to voir dire examination. The voir dire proceedings in this case were not included in the record on appeal. The burden is on Barnes to establish on the record all facts necessary for this Court to make an intelligent ruling. We cannot consider statements contained in Barnes's brief concerning circumstances not reflected by the record. Allen v. State, 382 So.2d 1147,1155 (Ala.Cr.App.), cert. denied, 382 So.2d 1158 (Ala. 1980).
Additionally, we note that the record does contain the court reporter's statement that "[a] jury was impaneled and sworn." "Where the record on appeal is silent, it will be presumed that what ought to have been done was not only done, but was rightly done." Jolly v. State, 405 So.2d 76, 77 (Ala.Cr.App. 1981).
 II
Barnes contends that the trial court committed reversible error by allowing into evidence testimony of Barnes's alleged collateral criminal acts. We disagree.
In addition to Barnes's indictment on two counts for the attempted murders of Lymon Sanford and his wife Patricia Sanford, Barnes was also indicted in a separate proceeding for the third-degree burglary of the trailer owned by Henry Wiggins, a neighbor of the Sanfords. The burglary allegedly occurred immediately prior to the attempted murders.
The State's motion to consolidate these offenses was denied by the trial court. Prior to the State's presentation of its case, Barnes filed a motion in limine to prevent any testimony of the alleged burglary in Barnes's trial for two counts of attempted murder. The court declined to rule on the motion until the close of the State's case. According to the trial court, if the State was able to prove that the burglary occurred before the attempted murders and that the fruits of the burglary were in Barnes's possession at the time of the commission of the attempted murders, then the evidence of the prior crime would be admissible as proving motive.
The victims, Lymon and Patricia Sanford, testified that, at approximately 10:30 a.m. on August 1, 1989, they heard shots coming from the direction of the property of their neighbor, Henry Wiggins, and that they heard Wiggins's dog barking. Because Lymon Sanford knew that Wiggins was not at home, the Sanfords drove over to Wiggins's trailer. The Sanfords testified that upon arriving at the trailer, they saw Barnes run into the woods carrying a rifle. Mr. Sanford then got out of his truck and approached Barnes to question him about the gunshots and his presence on Wiggins's property. According to Mr. Sanford, Barnes lay on the ground and asked Mr. Sanford if he owned the property on which Sanford was standing. When *Page 374 
Mr. Sanford replied that the property belonged to his friend, Barnes stood up with a blue steel revolver in his hand, aimed the pistol at the door of the truck where Mrs. Sanford was sitting and shot into the door of the truck. The bullet entered right below the window ledge of the truck but did not strike Mrs. Sanford. Mr. Sanford then testified that while he ran back to his truck to escape with his wife, Barnes shot him three times. Both Mr. and Mrs. Sanford made positive in-court identifications of Barnes as the person who fired the shots which struck the truck in which Mrs. Sanford was sitting and the shots which struck Mr. Sanford.
Henry Wiggins then testified that his trailer had been burglarized sometime after 6:00 a.m. on August 1, 1989, and that a Smith and Wesson blue steel revolver, a Marlin high powered rifle, a Winchester shotgun, ammunition, and approximately $100 in coins were taken. The State also provided expert testimony which established that Barnes's fingerprints were found in Wiggins's trailer and that footprints found at the scene of the shootings matched shoes found in the home of Barnes's mother, which she identified as belonging to Barnes.
At the close of the State's case, the trial court admitted all testimony of the alleged burglary under the "motive" exception and denied Barnes's motion for mistrial.
Evidence of a defendant's commission of collateral crimes is generally inadmissible as substantive evidence offered to establish the defendant's guilt of a particular crime.Dewhart v. State, 455 So.2d 167, 169 (Ala.Cr.App.), cert.denied, 455 So.2d 167 (Ala. 1984). Evidence of the collateral criminal activity is admissible, however, if it relates to the defendant's motive and intent to commit the crime presently charged. Pride v. State, 473 So.2d 576, 578 (Ala.Cr.App. 1984),cert. quashed, 473 So.2d 576 (Ala. 1985).
Clearly, in the case sub judice the evidence of the burglary of Wiggins's trailer was admissible under the "motive" exception: testimony that Barnes was trying to escape after committing a burglary supplied his motive for shooting the Sanfords, who questioned Barnes about his presence on Wiggins's property.
We note as well that there is considerable support for the proposition that this evidence was also admissible pursuant to the "identity" and the "continuous criminal occurrence" exceptions. See Dewhart, supra, 455 So.2d at 169.
 III
Barnes contends that the evidence was insufficient to support the jury's verdict and the judgment of conviction with respect to Count II of the indictment — the attempted murder of Patricia Sanford.
"In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution." Faircloth v. State,471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493
(Ala. 1985). Where, moreover, the State establishes a prima facie case, conflicting evidence presents a jury question which is not subject to review on appeal. Willis v. State,447 So.2d 199, 201 (Ala.Cr.App. 1983).
After examining the evidence and applying the proper standards of review, we find there was sufficient evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that Barnes was guilty of the attempted murder of Patricia Sanford, as charged.
"In Alabama, a person commits the crime of attempt to murder if he intends to cause the death of another person and does any overt act towards the commission of that intent. Alabama Code 1975, Sections 13A-4-2 (the attempt statute), and 13A-6-2
(murder)." Chaney v. State, 417 So.2d 625, 626-27
(Ala.Cr.App. 1982). The intent to commit murder may be presumed from the defendant's act of using a deadly weapon. Benton v.State, 536 So.2d 162, 164 (Ala.Cr.App.), cert. denied,536 So.2d 162 (Ala. 1988). *Page 375 
In this case, the State presented ample evidence from which the jury reasonably could have inferred that Barnes intended to kill Mrs. Sanford: the eyewitnesses, Mr. and Mrs. Sanford, testified that Barnes crouched and aimed a revolver at Mrs. Sanford and that Barnes fired one shot from the revolver into the door of the truck in which Mrs. Sanford was sitting.
A careful review of the record reveals no error injuriously affecting the substantial rights of Barnes, and the judgments and convictions are hereby affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
TAYLOR, P.J., and TYSON, PATTERSON and McMILLAN, JJ., concur.
BOWEN, J., concurs in the result only, without opinion.