On August 23, 1996, the appellant was arrested under the name "Curtis Williams." He was charged with the offenses of unlawful distribution of a controlled substance and conspiracy to distribute a controlled substance. On January 21, 1971. the appellant pleaded guilty to lesser charges of two counts of possession of a controlled substance, and the trial court deferred sentencing pending the appellant's completion of drug court. On August 25, 1997, parole officer Angela Olmstead testified at a special proceeding that the appellant's real name was Gatha Carlisle and that he had been on parole for five felony offenses when he absconded from her supervision in April 1996. The appellant admitted that he had been on parole and had used a false name when he was arrested on the current charges. The trial court then sentenced him to two consecutive terms of life imprisonment and order that the sentences were to run consecutively with any federal sentence he might receive.
The record reveals that the appellant appeared at the plea hearing under a false identity and then failed to disclose his disclose his record,. despite the court's instructions to do so. At the hearing, the judge asked the potential participants in the drug court if there was "any reason why you're not going to be able to finish this program," including, specifically, "[o]ther cases that I may not have already discussed with you, . . . if you're on probation for a misdemeanor someplace that I don't know about, . . . [or] any kind or other case." He then directly asked "Mr. Williams" whether any of these problems applied to him, and the appellant responded, "No, sir." The appellant thereafter allowed the trial court to accept him into the drug court program, despite the specific warning in the order of acceptance that "if additional information is presented to this Court that renders the Defendant unacceptable for release or ineligible to participate" in the program, the defendant would be taken into custody and jailed. In his written motion entering a guilty plea, which set out the punishment for the possession of a controlled substance, the appellant was advised of the penalty he would face if he failed to successfully complete the program. The motion by which he entered his plea specifically stated the following:
"I understand that in all cases when it is shown that a criminal defendant has previously been convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows: (1) On conviction of a Class C felony, he must be punished by imprisonment for life or for a term of not more than 99 years, but not less than 15 years. . . ."
 I.
The appellant contends that his guilty plea is void because, he says, it was not entered knowingly and intelligently. He argues that he entered the plea with the understanding that he would receive a sentence of not more than 10 years' and not less than 1 year's imprisonment on each count and that the offenses could be expunged from his record upon. Successful completion of the drug court program. He argues that, without these inducements. he would not have pleaded guilty. Me also argues that, upon learning of his record, the trial court should have struck his guilty pleas and informed him of the "true" *Page 881 
maximum and minimum sentences he faced upon application of the Habitual Felony Offender Act.
However, claims relating to the voluntariness of a guilty plea must be presented to the trial court or they arm waived on direct appeal. Anderson v. State, 668 So.2d 159
(Ala.Cr.App. 1995).The right to appeal from a guilty plea must be preserved by objection, a motion to withdraw the plea or a motion for a new trial. Willis v. State, 500 So.2d 1324
(Ala.Cr.App. 1986). Here, the appellant did not object at the plea hearing, and he also failed to present his claims in a motion to withdraw the guilty plea or in a motion for a new trial. Therefore, his claims cannot be considered on appeal.
 II.
The appellant also contends that the trial court erred in sentencing him to two consecutive life sentence.He argues that he was informed that, if he completed the one-year drug court program, the charges against him would be expunged from his record and that, in the absence of any evidence that he was not in compliance with the requirements of the program, the court breached its agreement by not allowing him to complete the program. in addition, he argues that the State failed to comply with notice and proof requirements before sentencing him under the Habitual Felony Offender Act.
However as set out in Part I of this opinion, the right. to appeal from a guilty plea must be preserved. Willis v.State, supra. Here, the appellant's claims concerning his sentences are not jurisdictional, and the record reveals that he did not object when the sentences were imposed, not did he raise his claims in any subsequent motion. The trial court is always to be given the first opportunity to rectify a possible error concerning sentencing. Stinson v. State, 669 So.2d 1010
(Ala. 1995). Because the appellant failed to present his claims at to the court level, he has waived consideration of these claims on appeal.
 III.
The State has requested that we remand this cause for the trial court to correct the convictions as they are set out in the minute entries of the case action summaries. Although both offenses the appellant was convicted of were amended to possession of a controlled substance, the entries state that the appellant was found guilty of "Distribution of a Controlled Substance" and "Conspiracy to Distribute a Controlled Substance." It is clear from the record that the minute entries are incorrect.
Because the appellant's claims were not preserved for review on appeal, the judgment of the trial court is hereby affirmed. In addition, this cause is remanded with instructions to correct the convictions as shown on the minute entries. A return should be filed with this court within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and COBB and BROWN, JJ., concur.
BASCHAB, J., concurs in result only.
* Note from the reporter of decisions: On November 20, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.