[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 511 
Bryan Alexander Blount was indicted for, and convicted of, murder, a violation of § 13A-6-2, Ala. Code 1975. He was sentenced to 55 years' imprisonment and was ordered to pay a $5,000 fine and a victims compensation assessment in the amount of $1,000. This appeal followed.
The State's evidence adduced at trial indicated the following. On November 12, 2002, Blount was trying to repair the brakes on his car at Vickers and Son's Auto Salvage. Raymond Jackson arrived at the business and approached Blount, accusing him of stealing something from Jackson's father. The two men argued. At one point, Jackson picked Blount up off the ground and then set him back down on the ground. Blount threatened to hit Jackson with a wrench he had in his hand, but, instead, he threw it to the ground. Jackson grabbed Blount and placed him in a headlock. After Jackson released Blount from the headlock, Blount told him that he was going to get his gun and shoot him. Blount ran approximately 150 to 175 yards to an abandoned trailer across the road from Vickers and retrieved a pistol. Charles Vickers, the owner of the salvage business, asked Jackson to leave because he did not want any fighting at his place of business. Jackson was walking in the direction of his car when Blount returned, running with the pistol. Blount said, "[R]un up on me now, fucking nigger." (R. 34.) Blount fired the pistol, shooting Jackson in the chest and arm.
After the shooting, Blount ran to a nearby house. Blount admitted to Shantaz Dubose, a resident, that he shot Jackson. Blount gave the pistol to Sharana Dubose, who placed it inside a plastic bag in the woods behind the house. She later turned it over to the police. Blount was arrested later that day and was transported to the police department. Blount waived his Miranda[1] rights and gave a taped confession.
Blount raises three issues on appeal, and we address each in turn.
 I.
Blount contends that the trial court erred when it denied his motion for a judgment of acquittal. In his motion and on appeal, Blount claims that the State failed to prove a prima facie case of murder because, he says, it failed to prove the requisite intent. Specifically, Blount claims that the evidence supports a finding that he killed Jackson after he was provoked, which would support a conviction for manslaughter, but, he says, does not *Page 512 
support a conviction for an intentional murder.[2]
 "'"In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution."' Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App. 1998), quoting Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). '"The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.'" Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App. 1997), quoting O'Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App. 1992). '"When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court's decision."' Farrior v. State, 728 So.2d 691, 696 (Ala.Crim.App. 1998), quoting Ward v. State, 557 So.2d 848, 850
(Ala.Crim.App. 1990). `The role of appellate courts is not to say what the facts are. Our role . . . is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.' Ex parte Bankston, 358 So.2d 1040, 1042 (Ala. 1978).
Moss v. State, 834 So.2d 135, 138-39 (Ala.Crim.App. 2002).
Under § 13A-6-2, Ala. Code 1975, a person commits the offense of murder if "with intent to cause the death of another person, he causes the death of that person or of another person." Whether a defendant intentionally caused the death of another person is a question of fact for the jury.Carr v. State, 551 So.2d 1169 (Ala.Crim.App. 1989). Intent may be presumed from the use of a deadly weapon or from other circumstances.Barnes v. State, 571 So.2d 372 (Ala.Crim.App. 1990). Intent is usually proven by circumstantial evidence. Smith v. State, 795 So.2d 788
(Ala.Crim.App. 2000).
The evidence at trial supports a finding that Blount intentionally killed Jackson. Blount and Jackson were arguing. Blount left the yard to retrieve a pistol from a nearby trailer. Blount ran back to the yard and fired the pistol, killing Jackson. The trial court instructed the jury on provocation. It was for the jury to decide whether Blount was sufficiently provoked and/or whether there was reasonable time for Blount's passion to cool before he shot Jackson. At trial, when asked if he had cooled down after the initial confrontation, Blount testified, "Oh, yes sir." (R. 196.) Thus, the State presented sufficient evidence indicating that Blount intentionally shot Jackson, and the trial court did not err when it denied his motion for a judgment of acquittal.
 II.
Blount contends that the trial court erred when it improperly commented on the evidence in the presence of the jury, thereby prejudicing him. During defense *Page 513 
counsel's cross-examination of a police officer, counsel asked, "I assume you have seen the full panorama of human emotion? You have seen people lie, give you half-lies, people try to connive their way out of situations? Is that correct?" (R. 114.) After defense counsel's cross-examination, the trial court stated: "Thank you. Redirect? I am still trying to equate truth and falsehood with human emotions." (R. 115.) Examination of the witness continued. At the conclusion of the witness's testimony, the trial court stated:
 "I do not want to be misunderstood about commenting on the evidence. I was just reflecting and I guess picking a little bit on [defense counsel], to a degree; talking about the full panorama of human emotions and then he starts talking about the truth and falsehood. And I wondered about how is that human emotion. In other words, it had nothing to do with that. It was just my comment."
(R. 116-117.)
Defense counsel did not object to the alleged improper comment made by the trial court. Thus, this issue is not preserved for review. "'[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.'" Ex parte Coulliette, [Ms. 1001380, March 7, 2003]857 So.2d 793, 794 (Ala. 2003) (quoting McKinney v. State, 654 So.2d 95, 99
(Ala.Crim.App. 1995)). The trial court will not be put in error on grounds raised for the first time on appeal. Ex parte Frith, 526 So.2d 880
(Ala. 1987). Blount did not object to the trial court's comment at the time it was made. Blount also did not object when the trial judge stated to the jury that his comment was not a comment on the evidence. Because Blount failed to object at trial on this ground, this issue was not preserved for review.
Moreover, we do not find that the trial court's comment concerning defense counsel's question improperly enhanced the officer's testimony or led the jury to an improper inference with regard to the credibility of the officer's testimony. Thus, the trial court did not comment on the evidence, and no error occurred. Even if Blount had preserved this issue for review, he would not be entitled to any relief.
 III.
Blount claims that the trial court failed to grant him credit for time served pending trial when it sentenced him.
 "Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections."
§ 15-18-5, Ala. Code 1975.
The record in this case indicates that Blount mentioned at his sentencing hearing that he had served time pending trial. The trial court sentenced him to 55 years' imprisonment, but did not indicate that it was giving him credit for time served. The sentencing order does not mention credit for time served. Either the trial court did not credit Blount for time served or it deducted the time served from the total sentence imposed during the sentencing hearing without noting it in the record. This cause is, therefore, remanded to the trial court to determine and certify the actual time Blount spent incarcerated pending trial and to credit his sentence for time previously served. A return to *Page 514 
remand shall be filed within 45 days of the release of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED WITH DIRECTIONS AS TO SENTENCING.
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur; SHAW, J., concurs in result.
[1] Miranda v. Arizona, 384 U.S. 436 (1966).
[2] Section 13A-6-2, Ala. Code 1975, provides:
 "(b) A person does not commit murder under subdivisions (a)(1) or (a)(2) of this section if he was moved to act by a sudden heat of passion caused by provocation recognized by law, and before there had been a reasonable time for the person to cool and for reason to reassert itself. The burden of injecting the issue of killing under legal provocation is on the defendant, but this does not shift the burden of proof."