910 So.2d 141 (2005)
Tommy Dean FUQUA
v.
STATE of Alabama.
CR-03-1877.
Court of Criminal Appeals of Alabama.
January 7, 2005.
Opinion on Return to Remand March 18, 2005.
*142 Brian M. White, Decatur, for appellant.
Troy King, atty. gen., and Bettie J. Carmack, asst. atty. gen., for appellee.
SHAW, Judge.
Tommy Dean Fuqua appeals the circuit court's summary denial of his petition for a writ of habeas corpus, in which he contended that he is entitled to 325 days of jail credit for the time he spent incarcerated before his trial.
On March 1, 2004, Fuqua pleaded guilty to robbery in the third degree. See § 13A-8-43, Ala.Code 1975. On May 4, 2004, the trial court sentenced Fuqua, as a habitual felony offender with two prior felonies, to 10 years in prison. See § 13A-5-9(b)(1), Ala.Code 1975. The trial court split his sentence and ordered that Fuqua serve one year in prison and five years on probation; the trial court noted at sentencing that it was taking into consideration that Fuqua had already spent a year in jail on the robbery charge, stating that that fact "balances against [Fuqua] serving the straight 10-year sentence." (R. 16.)
On May 17, 2004, Fuqua filed a motion to amend the sentencing order, seeking credit for the time he spent incarcerated pending trial; the trial court denied that motion on June 2, 2004, noting on the case action summary sheet:
"The Court has considered the Defendant's motion to amend sentencing order. When the Defendant was sentenced to serve a 12-month split sentence, the Court took into consideration the length of time that he already has served in jail. This fact persuaded the Court to not deny his request for probation and to shorten the split sentence that otherwise would have been imposed."
(C. 13.)[1] On July 21, 2004, Fuqua filed his petition for a writ of habeas corpus, arguing that he was not given credit for 325 days he spent incarcerated before he was convicted; the circuit court summarily denied Fuqua's petition on July 22, 2004, entering the following notation on the front page of Fuqua's petition: "The foregoing petition is dismissed ex mero motu. The defendant is not entitled to credit against his split sentence for time served." (C. 66.)
It is well established that a petition for a writ of habeas corpus is the proper method by which to challenge the calculation of an inmate's term of imprisonment. See Swicegood v. State, 646 *143 So.2d 158 (Ala.Crim.App.1993). Section 15-18-5, Ala.Code 1975, provides:
"Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections."
(Emphasis added.) Rule 26.9(b)(2), Ala. R.Crim.P., provides, in relevant part, that in pronouncing the sentence, the trial court shall "[s]tate that a credit will be allowed on the sentence, as provided by law, for time during which the defendant has been incarcerated on the present charge." The Committee Comments to Rule 26.9 note that before the enactment of § 15-18-5, Alabama law "provided that time spent incarcerated by the defendant before conviction did not count as a credit toward the sentence imposed." Thus, logically it stands to reason that § 15-18-5 requires that the time spent incarcerated by a defendant before he or she is convicted must be credited toward the sentence imposed. See, e.g., Blount v. State, 876 So.2d 509 (Ala.Crim.App.2003) (remand necessary for the circuit court to determine and certify the actual time appellant spent incarcerated pending trial and to credit his sentence for time previously served); Cochran v. State, 808 So.2d 1226 (Ala. Crim.App.2000) (same).
The State, noting that the trial court took into consideration the amount of time Fuqua had spent in jail pending trial, cites Prichard v. State, 441 So.2d 1052 (Ala.Crim.App.1983), for the proposition that Fuqua is not entitled to relief because it would be akin to his receiving credit for the same jail time more than once. We disagree. In Prichard, the appellant pleaded guilty to three offenses: he was sentenced in the first case to three years' imprisonment, and that sentence was split so that he was to serve a year in confinement; in each of the other two cases, he was sentenced to three-year sentences, which were split so that he was to serve one year in prison  those sentences were ordered to run consecutively to the first sentence. Prichard was given credit for 9 months and 21 days jail time  that time was credited against his first sentence. This Court held that Prichard was not also entitled to credit for that same 9 months and 21 days against his second and third sentences.
Here, however, it is apparent from the record that the trial court never ordered that Fuqua be credited with all of his actual time he spent in jail pending trial. Although this Court is aware of no restriction on the trial court's "taking into consideration" factors such as the actual time spent in jail pending trial in determining an appropriate sentence, the plain language of § 15-18-5 does not permit the trial court to forgo ordering that the actual time spent in jail pending trial be credited against the sentence imposed.
Here, Fuqua was sentenced to 10 years' imprisonment; that sentence was split and he was ordered to serve 1 year in confinement and 5 years on probation. Fuqua alleges  and it appears from the record that his allegation is correct  that the trial court did not order that he be given credit against that sentence for the time he spent incarcerated pending trial. Thus, a remand is necessary for the circuit court to determine and to certify the actual time Fuqua spent incarcerated before trial and to credit Fuqua's sentence, i.e., 10 years' imprisonment split to serve 1 year in prison followed by 5 years on probation, accordingly. See, e.g., Blount, supra. The circuit court may, in its discretion, *144 conduct an evidentiary hearing or receive additional evidence, in the form of affidavits or other means, necessary to make its determination as to the actual time Fuqua spent in jail pending trial for the offense in this case. The return to remand shall include a certification by the circuit clerk as prescribed in § 15-18-5, Ala.Code 1975, indicating the actual time Fuqua spent incarcerated pending trial, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received by the court. Return to remand shall be filed within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

On Return To Remand
SHAW, Judge.
The appellant, Tommy Dean Fuqua, appealed from the circuit court's summary dismissal of his petition for a writ of habeas corpus, in which he argued that he was entitled to 325 days of jail credit for the time he spent incarcerated before his trial. On May 4, 2004, Fuqua was sentenced to 10 years in prison for his conviction pursuant to a guilty plea for robbery in the third degree; that sentence was split, and Fuqua was ordered to serve one year in jail followed by five years on probation  the trial court noted at sentencing that it was taking into consideration the fact that Fuqua had already spent a year in jail on the robbery charge and that that fact "balances against [Fuqua's] serving the straight 10-year sentence." (R. 16.) Fuqua sought credit  first through a motion to amend the sentencing order and then through the instant petition for a writ of habeas corpus  against his sentence for the approximately 325 days he allegedly spent in jail pending trial. In an opinion issued on January 7, 2005, this Court remanded this case "for the circuit court to determine and to certify the actual time Fuqua spent incarcerated before trial and to credit Fuqua's sentence, i.e., 10 years' imprisonment split to serve 1 year in prison followed by 5 years on probation, accordingly." Fuqua v. State, 910 So.2d 141, 143 (Ala.Crim.App.2005).
Pursuant to this Court's instructions, the circuit court determined on remand that Fuqua was entitled to 328 days' credit against his sentence, but declined to credit Fuqua's sentence. The circuit court stated in its order on return to remand: "In accordance with Section 15-18-8(g), Code of Alabama, 1975, [Fuqua's] 12-month split sentence shall not be reduced or credited for time served and shall be served day-for-day as previously ordered."
Section 15-18-8, Ala.Code 1975, provides, in relevant part:
"(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
"(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best....
"....

*145 "(g) No defendant serving a minimum period of confinement ordered under the provisions of subsection (a) shall be entitled to parole or to deductions from his or her sentence under the Alabama Correctional Incentive Time Act, during the minimum period of confinement so ordered; provided, however, that this subsection shall not be construed to prohibit application of the Alabama Correctional Incentive Time Act to any period of confinement which may be required after the defendant has served such minimum period."
The Alabama Correctional Incentive Time Act is codified at § 14-9-40 et seq., Ala. Code 1975, and provides for the computation of incentive time deductions. Inmates gain deductions under this Act based on their prisoner classification and good conduct. Section 14-9-41 provides:
"(a) Each prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, in the penitentiary or at hard labor for the county or in any municipal jail for a definite or indeterminate term, other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article may be entitled to earn a deduction from the term of his sentence as follows:
"(1) Seventy-five days for each 30 days actually served while the prisoner is classified as a Class I prisoner.
"(2) Forty days for each 30 days actually served while the prisoner is a Class II prisoner.
"(3) Twenty days for each 30 days actually served while the prisoner is a Class III prisoner.
"(4) No good time shall accrue during the period the prisoner is classified as a Class IV prisoner."
The remainder of the title is dedicated to describing examples of which inmates fall within certain classes, the procedure for changing classifications, how to apply the provisions of the Act to inmates serving more than one sentence, etc.
However, as this Court stated in its January 7, 2005, opinion:
"Section 15-18-5, Ala.Code 1975, provides:
"`Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.'
"(Emphasis added.) Rule 26.9(b)(2), Ala.R.Crim.P., provides, in relevant part, that in pronouncing the sentence, the trial court shall `[s]tate that a credit will be allowed on the sentence, as provided by law, for time during which the defendant has been incarcerated on the present charge.' The Committee Comments to Rule 26.9 note that before the enactment of § 15-18-5, Alabama law `provided that time spent incarcerated by the defendant before conviction did not count as a credit toward the sentence imposed.' Thus, logically it stands to reason that § 15-18-5 requires that the time spent incarcerated by a defendant before he or she is convicted must be credited toward the sentence imposed. See, e.g., Blount v. State, 876 So.2d 509 (Ala.Crim.App.2003) (remand necessary for the circuit court to determine and certify the actual time appellant *146 spent incarcerated pending trial and to credit his sentence for time previously served); Cochran v. State, 808 So.2d 1226 (Ala.Crim.App.2000) (same)."
910 So.2d at 143. It is clear from reading § 14-9-41 et seq. that the provisions of that article do not refer to the time that a convicted person has spent incarcerated pending trial as discussed in § 15-18-5. Thus, the circuit court's application of § 15-18-8(g) to the facts in this case was in error.[1]
As noted above, Fuqua was sentenced to 10 years' imprisonment; that sentence was split, and he was ordered to serve 1 year in prison followed by 5 years on probation. The circuit court determined on remand that Fuqua was entitled to 328 days' credit for time he spent in custody pending trial. Therefore, he is entitled to have that time credited against the incarceration portion of his sentence. Accordingly, we reverse the circuit court's denial of Fuqua's habeas petition and remand this case for the circuit court to grant the petition and to credit Fuqua's sentence with 328 days of jail credit.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
NOTES
[1] Fuqua's appeal from the denial of that motion was dismissed by this Court as untimely. (Case no. CR-03-1635.)
[1] This Court recognizes that the circuit court, which was also the sentencing court, appears to have intended that Fuqua serve one year above and beyond the time he spent incarcerated pending trial. However, Fuqua was not sentenced to 10 years in prison, split to serve 1 year and 328 days. Rather, he was sentenced to serve 10 years in prison, split to serve 1 year.