SHAW, Judge.
 

 Oliver Eugene Pride appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1984 conviction for first-degree rape and his resulting sentence, as an habitual felony offender, of life imprisonment without the possibility of parole. This Court affirmed Pride’s conviction and sentence on appeal,
 
 Pride v. State,
 
 473 So.2d 576 (Ala.Crim.App.1984), and issued a certificate of judgment on July 12,1985.
 

 Pride filed this, his third, Rule 32 petition on March 14, 2007. In his petition, Pride alleged that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, neither the jury venire nor the petit jury were sworn. Pride attached to his petition pages from his trial transcript and from the case-action summary; these pages do not reflect any oath administered to the jury venire or to the petit jury before the trial began. After receiving a response from the assistant district attorney, the circuit court summarily denied Pride’s petition on April 26, 2007.
 

 On appeal, Pride contends that the circuit court erred in summarily denying his petition. The State agrees and requests that we remand this case for further proceedings. Pride’s claim is jurisdictional,
 
 [1]
 
 see
 
 Brooks v. State,
 
 845 So.2d 849 (Ala.Crim.App.2002); is sufficiently pleaded to satisfy the requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P.; and was not refuted by the State,
 
 [2]
 
 see
 
 Bates v. State,
 
 620 So.2d 745, 746 (Ala.Crim.App.1992) (“ ‘When the State does not respond to a petitioner’s allegations, the unrefuted statement of facts must be taken as true.’ ” (quoting
 
 Smith v. State,
 
 581 So.2d 1283, 1284 (Ala.Crim.App.1991))). Therefore, Pride was entitled to an opportunity to prove his claim.
 

 Based on the foregoing, we remand this case for the circuit court to allow Pride an opportunity to present evidence to support his allegation that neither the jury venire nor the petit jury was sworn. The court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. After re
 
 *624
 
 ceiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Pride’s claim and may grant whatever relief it deems necessary. Due return shall be filed within 42 days of the date of this opinion, and shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received and/or relied on by the court in making its findings.
 

 REMANDED WITH DIRECTIONS.
 

 BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ„ concur.
 

 [1]
 

 . This claim was not raised and addressed on its merits in any of Pride’s previous petitions. Compare
 
 Ex parte Trawick,
 
 972 So.2d 782 (Ala.2007) (holding that a jurisdictional claim that has been raised and addressed on its merits in a previous petition is subject to the successive-petition bar in Rule 32.2(b), Ala. R.Crim.P.).
 

 [2]
 

 . In her response, the assistant district attorney argued only that Pride had "failed to attach the appropriate portion of the trial transcript” and, thus, had failed to prove his claim by a preponderance of the evidence. (C. 22.) However, she did not argue that the jury venire and/or the petit jury had been properly sworn, nor did she attach to her response anything reflecting that the jury ve-nire and/or the petit jury had been sworn. Moreover, we note that
 

 "at the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only 'a clear and specific statement of the grounds upon which relief is sought.’ Rule 32.6(b), Ala.R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”
 

 Ford v. State,
 
 831 So.2d 641, 644 (Ala.Crim.App.2001). Therefore, Pride was not required to prove his claim at the pleading stage of the proceedings.