WELCH, Judge.
Don Robert Barclay appeals from the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition. The petition sought relief from his April 7,1978, conviction for child molestation. He was sentenced to serve five years in prison. His conviction was affirmed on direct appeal. See Barclay v. State, 368 So.2d 579 (Ala.Crim.App.1979). The instant petition was deemed filed on January 12, 2007. In it, Barclay asserted that this is his first petition for postconviction relief challenging this conviction.
*211 Barclay claimed in his petition that the trial court lacked subject-matter jurisdiction to render judgment and to impose sentence because, he claims, neither the jury venire nor the petit jury was administered an oath prior to trial. Barclay attached as Exhibit A to his petition a copy of the case-action summary from his direct appeal. There is no notation regarding an oath to the venire or petit jury on the case-action-summary sheet.
The State filed a motion to dismiss, arguing that Barclay’s claim is a nonjurisdictional claim and thus procedurally barred by the limitation period contained in Rule 32.2(c), Ala. R.Crim. P., and procedurally barred because the instant petition is a successive petition, Rule 32.2(b). The circuit court issued a written order essentially adopting the State’s argument as its holding.
Barclay contends on appeal that his claim was jurisdictional and, thus, that it is not subject to the procedural bars of Rule 32. We note that this Court has no record of a prior postconviction challenge to this conviction and nothing in the record supports such a finding. Thus, we cannot conclude that this petition is a successive petition.
Barclay is correct in asserting that the claim he alleges is a jurisdictional claim. “A claim that no oath was administered at all — i.e., the jury venire and the petit jury were not sworn — would be a jurisdictional issue because ... a verdict rendered by jurors who have never been sworn is a nullity.” Brooks v. State, 845 So.2d 849, 850-851 (Ala.Crim.App.2002). He is also correct in asserting that “it cannot be presumed from a silent record that the jury was sworn; there must be in the record some affirmative showing that the oath was administered to the jury.” See Ex parte Deramus, 721 So.2d 242 (Ala.1998).
This case is identical to Pride v. State, 10 So.3d 622 (Ala.Crim.App.2008). Pride alleged that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, neither the jury venire nor the petit jury had been sworn. He “attached to his petition pages from his trial transcript and from the case-action summary,” which failed to reflect “any oath administered to the jury venire or to the petit jury before the trial began.” Pride v. State, 10 So.3d at 623.
In Pride, this Court held:
“Pride’s claim is jurisdictional, see Brooks v. State, 845 So.2d 849 (Ala.Crim.App.2002); is sufficiently pleaded to satisfy the requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P.; and was not refuted by the State, see Bates v. State, 620 So.2d 745, 746 (Ala.Crim.App.1992) (‘“When the State does not respond to a petitioner’s allegations, the unrefuted statement of facts must be taken as true.” ’ (quoting Smith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App.1991))). Therefore, Pride was entitled to an opportunity to prove his claim.”
(Footnotes omitted.)
As in Pride, we remand this case for the circuit court to allow Barclay an opportunity to present evidence to support his allegation that neither the jury venire nor the petit jury was sworn. The court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim. P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Barclay’s claim and may grant whatever relief it deems necessary. Due return shall be filed within 56 days of the date of this opinion and shall include the circuit court’s written findings of fact, a transcript of the *212 evidentiary hearing, if one is conducted, and any other evidence received and/or relied on by the court in making its findings.
REMANDED WITH DIRECTIONS. 
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.