On Application for Rehearing on Return to Remand

WELCH, Judge.
On October 24, 2008, this Court issued an unpublished memorandum dismissing Don Robert Barclay’s appeal on return to remand, following our original remand, Barclay v. State, 39 So.3d 209 (Ala.Crim.App.2008), and the circuit court’s granting of the relief sought by Barclay pursuant to his Rule 32, Ala. R.Crim. P.. We now withdraw that unpublished memorandum, and substitute the following therefor.
Don Robert Barclay appealed from the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition. The petition sought relief from his April 7,1978, conviction for child molestation. Barclay claimed in his Rule 32 petition that the trial court lacked subject-matter jurisdiction to render a judgment and to impose sentence because, he claimed, neither the jury venire nor the petit jury was administered an oath prior to trial. Barclay attached as Exhibit A to his petition a copy of the case-action summary from his direct appeal. The case action summary does not contain a notation indicating that an oath was administered to the venire or petit jury. We noted the following in our opinion:
“Barclay is correct in asserting that the claim he alleges is a jurisdictional claim. ‘A claim that no oath was administered at all—i.e., the jury venire and the petit jury were not sworn—would be a jurisdictional issue because ... a verdict rendered by jurors who have never been sworn is a nullity.’ Brooks v. State, 845 So.2d 849, 850-851 (Ala.Crim.App.2002). He is also correct in asserting that ‘it cannot be presumed from a silent record that the jury was sworn; there must be in the record some affirmative showing that the oath was administered to the jury.’ See Ex parte Deramus, 721 So.2d 242 (Ala.1998).”
Barclay v. State, 39 So.3d at 211. We found Barclay’s case to be identical to Pride v. State, 10 So.3d 622 (Ala.Crim.App.2008), and, as we did in Pride, we remanded the case
“for the circuit court to allow Barclay an opportunity to present evidence to support his allegation that neither the jury venire nor the petit jury was sworn. The court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim. P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Barclay’s claim and may grant whatever relief it deems necessary.”
39 So.3d at 211 (emphasis added). We ordered the circuit court to respond within 56 days of the issuance of the opinion, i.e., by May 30, 2008.
*213 On August 29, 2008, this Court sent a letter to the trial judge, stating, in pertinent part:
“The above referenced appeal was remanded on April 4, 2008, with directions that the return to remand be filed within 56 days (by May 30, 2008). It is this Court’s understanding that you conducted a hearing on July 29, 2008, and issued an order on the same date. However, to date, the record on return to remand— containing the transcript of the July 29, 2008, hearing, the order issued on the same date, and any other documents filed while the case was on remand — has not been filed with this Court.
“[This Court is], by copy of this letter to the Circuit Clerk, requesting that the return to remand be filed with this Court by September 19, 2008. If the record on return to remand cannot be filed by this date, please advise this Court as soon as possible.”
On remand, the circuit court submitted a copy of the circuit court’s case-action summary containing that court’s written order, entered on July 29, 2008, reflecting that Barclay was present on that date at a hearing scheduled pursuant to our remand directions. The circuit court’s order on remand states:
“Case called. [Barclay] presents pro se on remand from [the] Court of Criminal Appeals with directions. State [is] represented by Hon. Jessica Sanders and stipulates that there is no additional evidence to indicate whether or not the jury was properly sworn before receiving testimony[;] therefore, the conviction of [Barclay] for child molestation from 1978 is set aside.”
No transcript of the hearing was provided. It appears from the trial court’s order that the term “stipulates” was not used to describe an affirmative agreement of the parties regarding a fact in dispute but merely to describe an assertion by the State that it had no evidence to present.
“A stipulation is defined as a ‘voluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate need for proof or to narrow range of litigable issues.’ Black’s Law Dictionary 1269 (rev. 5th ed.1979), quoting Arrington v. State, 233 So.2d 634, 636 (Fla.1970). (Emphasis added.)”
Evans v, Alabama Prof’l Health Consultants, Inc., 474 So.2d 86, 88 (Ala.1985). “Parties may stipulate the issues in a case with the consequence that said stipulations are binding.” Vann Express, Inc. v. Phillips, 539- So.2d 296, 298 (Ala.Civ.App.1988), citing Reese Funeral Home v. Kennedy Elec., 370 So.2d 1030 (Ala.Civ.App.1979).
The order mentions that the “State ... stipulates that there is no additional evidence to indicate whether or not the jury was properly sworn before receiving testimony.” However this description does not indicate that any agreement of the parties was reached regarding the existence of a fact, but merely states that the State announced that it would not present any evidence regarding whether an oath had been administered.
Rule 32.3, Ala. R.Crim. P., places the burden on Barclay to prove his claims once he successfully pleads a claim for relief. Our directions on remand were to provide Barclay an opportunity to prove his claim that an oath had never been administered to the jurors. However, that phase of the proceeding was skipped when, according to the circuit court, the State announced “that there is no additional evidence to indicate whether or not the jury was properly sworn before receiving testimony.” It may be argued that the circuit court technically complied with our directions on remand. However, the action taken by the *214 circuit court did not afford Barclay the relief intended by this Court’s remand—an opportunity for Barclay to prove by a preponderance of the evidence that his claim is true. Thus, we believe that the circuit court exceeded the scope of our directions on remand. See Hyde v. State, 894 So.2d 808 (Ala.Crim.App.2004)(trial court’s authority is limited to the scope of our remand order in our original opinion); Lane v. State, 786 So.2d 1143, 1146 (Ala.Crim.App.2000)(opinion on return to remand)(“ ‘ “On remand, the issues decided by an appellate court become the law of the case, and the trial court’s duty is to comply with the directions given by the reviewing court.” ’ ” (quoting Simmons v. State, 797 So.2d 1134, 1183 (Ala.Crim.App.2000), quoting in turn Ellis v. State, 705 So.2d 843, 847 (Ala.Crim.App.1996))).
Because the circuit, court on remand exceeded the scope of our directions, we remand this cause a second time with directions for the circuit court to allow Barclay an opportunity to present evidence to support his allegation that neither the jury venire nor the petit jury was sworn. Following Barclay’s presentation, the State shall have an opportunity to submit evidence or to make whatever argument it deems appropriate in rebuttal.
As stated in our earlier opinion, the court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim. P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Barclay’s claim and may grant whatever relief it deems necessary. Due return shall be filed within 56 days of the date of this opinion and shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received and/or relied on by the court in making its findings.
Accordingly, the judgment of the circuit court granting Barclay relief is due to be vacated, and this cause is remanded a second time.
APPLICATION FOR REHEARING GRANTED; MEMORANDUM OF OCTOBER 24, 2008, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS. **
AVISE, P.J., and AVINDOM and KELLUM, JJ., concur.

 Note from the reporter of decisions: On December 4, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion.