The appellant was convicted of capital murder and was sentenced to life imprisonment without parole. His conviction was affirmed by this Court. Smith v. State, 531 So.2d 1245
(Ala.Cr.App. 1987). Thereafter, the appellant filed the instant petition for relief under Rule 20, A.R.Cr.P., arguing as grounds the following: (1) the facially race-neutral reasons offered for the prosecution's peremptory strikes were insufficient to disprove discrimination; (2) an in-court identification of the appellant was tainted by unfairly suggestive line-up procedures; (3) the appellant's counsel was ineffective at trial for failing to challenge the prosecution's reasons for its peremptory strikes; and (4) the appellant's counsel was ineffective on appeal for failing to raise the issue of the tainted in-court identification.
The record contains no evidence of an answer or response by the State prior to the trial court's summarily overruling and dismissing the appellant's petition. As grounds for the dismissal, the trial court found that the first and third issues of the petition had previously been addressed by both the trial court and the Court of Criminal Appeals, that the second issue had previously been considered at trial and did not need to be ruled on again concerning an additional issue, and that the fourth issue was not a matter for the consideration of the trial court.
We do not address the merits of the appellant's petition, because this cause must be remanded for further action by the trial court. When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true. Chaverst v. State, 517 So.2d 643, 644 (Ala.Cr.App. 1987). Further, when a petition contains matters which, if true, would entitle the petition to relief, an evidentiary hearing must be held. Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala. 1985). A petitioner is entitled to notice as to any grounds of preclusion, so as to enable him to formulate a response. Exparte Rice, 565 So.2d 606, 608 (Ala. 1990). Thus, because of the State's failure to respond, the appellant was never given the requisite notice, and the cause must be remanded. Upon remand, the trial court should require the district attorney's office to address the issues in the appellant's petition and to come forward with specific pleadings as to any grounds of preclusion. The trial court is authorized to conduct an evidentiary hearing and to take further action as necessary to comply with the order of this Court. The findings of the trial court shall be returned to this Court within 90 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur, except Bowen, J., who dissents in part and concurs in part with opinion. *Page 1285