The appellant was convicted of murder, in violation of §13A-6-2, Code of Alabama 1975, and was sentenced to life imprisonment pursuant to the Alabama Habitual Felony Offender Act. His conviction was affirmed by this court. Bates v. State,461 So.2d 1 (Ala.Cr.App. 1983). The Alabama Supreme Court granted the appellant's petition for certiorari review and affirmed the decision. Ex parte Bates, 461 So.2d 5 (Ala. 1984). Thereafter, the appellant filed a number of post-conviction petitions — a petition for writ of habeas corpus, which was summarily dismissed on April 30, 1987, and the judgment dismissing the petition was affirmed by this court on August 18, 1987; a petition for a habeas corpus filed in the United States District Court and dismissed by that court on February 8, 1988 for failure to exhaust state remedies; a petition for a writ of error coram nobis, which was denied and the appeal from that denial was dismissed by this Court on March 30, 1988; a petition for a writ of mandamus which was denied by this Court on April 7, 1988; a Rule 20, A.R.Cr.P.Temp., petition (now Rule 32, A.R.Cr.P.), summarily dismissed pursuant to Rule 20.7(d), A.R.Cr.P.Temp.; a second petition for a writ of mandamus, which was denied by this Court on June 14, 1988; a third petition for a writ of mandamus, which was denied by the Alabama Supreme Court on June 22, 1988; a petition for a writ of habeas corpus filed in the United States District Court, and denied by that court after an evidentiary hearing on September 7, 1989, which denial was affirmed by the Eleventh Circuit Court of Appeals.
On February 12, 1992, the appellant filed the instant Rule 32, A.R.Cr.P., petition, which was summarily denied on February 13, 1992. The record is devoid of evidence of an answer or response by the State to the appellant's petition, as required by Rule 32.7(a), A.R.Cr.P. In Smith v. State, 581 So.2d 1283,1284 (Ala.Cr.App. 1991), this Court held:
 "When the States does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true. Chaverst v. State, 517 So.2d 643, 644 (Ala.Cr.App. 1987). . . . A petitioner is entitled to notice as to any grounds of preclusion, so as to enable him to formulate a response. Ex parte Rice, 565 So.2d 606, 608
(Ala. 1990)."
Here, as in Smith, the appellant was never given the requisite notice of any grounds of preclusion because of the State's failure to respond. Upon remand, the trial court should require the district attorney's office to address the issues in the appellant's petition and to come forward with specific pleadings as to any grounds of preclusion. The trial court should then conduct further proceedings as may be necessary under Rule 32, A.R.Cr.P. The findings of the trial court shall be returned to this Court within 45 days of the date of this opinion. Because this cause must be remanded for further action by the trial court, we will not address the merits of the petition.
REMANDED WITH INSTRUCTIONS.
All Judges concur.