Robert John Ford appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1999 guilty-plea conviction for manslaughter and his resulting sentence of 20 years' imprisonment. This Court affirmed Ford's conviction and sentence on direct appeal, in an unpublished memorandum issued on November 12, 1999. See Ford v. State, (CR-98-1501) 796 So.2d 451
(Ala.Crim.App. 1999) (table). A certificate of judgment was issued on December 28, 1999. On November 22, 2000, Ford filed the present Rule 32 petition. After receiving a response from the State, the circuit court summarily denied the petition on May 9, 2001.
Ford contends that his guilty plea was involuntary because, he says, his trial counsel misinformed him about the sentence he would receive. Specifically, he maintains that his counsel told him that he would receive a split sentence if he pleaded guilty and that his counsel failed to inform *Page 643 
him that his sentence would be enhanced by application of the firearm-enhancement statute. See § 13A-5-6(a)(5), Ala. Code 1975. Ford also contends that his appellate counsel was ineffective for not presenting these claims of ineffective assistance of trial counsel in a posttrial motion and then pursuing them on appeal.
Ford's claim that his guilty plea was involuntary because his trial counsel failed to inform him that his sentence would be enhanced under § 13A-5-6(a)(5), Ala. Code 1975, is meritless. The transcript of Ford's guilty-plea colloquy and the Ireland form[1] signed by Ford, both of which the State attached to its motion to dismiss Ford's petition, reveal that § 13A-5-6(a)(5), Ala. Code 1975, was not used to enhance Ford's sentence. Because the firearm-enhancement statute was not applied to Ford's sentence, his trial counsel was clearly not ineffective for not informing Ford that the enhancement would be applied. Moreover, because trial counsel was not ineffective, Ford's appellate counsel was likewise not ineffective for not raising trial counsel's alleged ineffectiveness in this regard in a posttrial motion and on direct appeal.
Ford also contends, however, that his guilty plea was involuntary because, he says, his trial counsel told him that he would receive a split sentence if he pleaded guilty. Ford maintains that had he known that he would not receive a split sentence, he would not have pleaded guilty. Ford also argues that his appellate counsel was ineffective for failing to raise this instance of trial counsel's alleged ineffectiveness in a posttrial motion and on direct appeal.
It is well settled that "a misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary." Ex parte Blackmon,734 So.2d 995, 997 (Ala. 1999). See also Minor v. State, 627 So.2d 1071
(Ala.Crim.App. 1992). As noted above, the State attached to its motion to dismiss Ford's petition a copy of the guilty-plea colloquy and theIreland form signed by Ford. In both the colloquy and the form, Ford indicated that he had not been promised anything in return for pleading guilty. In its motion to dismiss, the State argued, based on the Alabama Supreme Court's holding in Ex parte Blackmon, that those documents refuted Ford's allegation that his guilty plea was involuntary and that, therefore, Ford had failed to prove his claim.[2]
In Ex parte Blackmon, the appellant filed a motion to withdraw his guilty plea on the ground that his plea was involuntary because, he said, his counsel had promised him that the plea agreement required the trial court to sentence him to "time served." The trial court, however, had sentenced him to two years' imprisonment. At a hearing on his motion to withdraw, the appellant testified as to his trial counsel's alleged promises. However, the appellant did not call his trial counsel to testify nor did he introduce an affidavit from his trial counsel. The State introduced into evidence a transcript of the guilty-plea colloquy and theIreland form signed by the appellant, both of which reflected that the appellant had denied that anyone had promised him anything for pleading guilty. The trial court then denied the motion to withdraw. The Alabama Supreme Court held that the trial court had not abused its discretion in denying the motion because, it said, in the absence of testimony from the appellant's trial counsel, the transcript of the colloquy and the Ireland
form were sufficient to *Page 644 
refute the appellant's claim regarding any promises made by his counsel.
Ex parte Blackmon does not stand for the proposition that a transcript of the guilty-plea colloquy and the Ireland form will automatically refute claims involving misrepresentations by counsel. Rather, it holds only that, in the absence of testimony from counsel, those documents are sufficient to refute such claims. In Ex parte Blackmon, the appellant was given the opportunity to present testimony from his counsel to support his claim, and he failed to do so. In this case, however, Ford was not given that opportunity. Contrary to the State's assertion in its motion to dismiss, at the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only "a clear and specific statement of the grounds upon which relief is sought." Rule 32.6(b), Ala.R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof. Here, Ford satisfied his burden of pleading. However, he was not afforded the opportunity to present evidence to prove his claim that his counsel had misinformed him about the sentence that he would receive. Absent the opportunity to present evidence to prove his claim, we cannot say that the guilty-plea colloquy and the Ireland form were sufficient to refute Ford's claim.
Therefore, we must remand this cause for the circuit court to allow Ford the opportunity to present evidence to support his claim that his guilty plea was involuntary because of his counsel's alleged misrepresentation that he would receive a split sentence if he pleaded guilty. The court should either hold an evidentiary hearing or take evidence in the form of affidavits, written interrogatories, or depositions, and shall make specific findings of fact regarding that claim. See Rule 32.9, Ala.R.Crim.P. Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the circuit court's written findings along with a transcript of the evidentiary hearing, if any, or other evidence taken by the court.
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
[1] See Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971).
[2] The State does not address this claim in its brief on appeal.