On October 13, 1998, Johnson was convicted of first-degree robbery. On October 16, 1998, the trial court sentenced him to life in prison without the possibility of parole. On March 26, 1999, on appeal, this Court affirmed his conviction and sentence in an unpublished memorandum.Johnson v. State, (No. CR-98-0149) 767 So.2d 420 (Ala.Crim.App. 1999) (table). The certificate of judgment was issued on April 13, 1999.
On March 28, 2001, Johnson filed his first Rule 32, Ala.R.Crim.P., petition and, on April 16, 2001, he filed an amendment to that petition. After the State responded, the circuit court summarily dismissed Johnson's petition. This appeal followed.
In his petition, Johnson claimed that his trial and appellate counsel had rendered ineffective assistance. In particular, Johnson claimed that his trial counsel had rendered ineffective assistance by failing to file a pretrial motion to dismiss the indictment on the ground that it charged him with first-degree robbery, but alleged the theft of less than $1,000; by failing to object to the venire's not being sworn; by failing to file a motion to suppress the identification of the petitioner by an eyewitness; by failing to investigate the chain of custody of the security videotape of the robbery; by failing to issue a subpoena duces tecum for the gun used in the robbery; by not filing a pretrial motion to have the appellant mentally evaluated; and by failing to issue a subpoena duces tecum for the arrest photographs taken of Johnson. Johnson also pleaded the corresponding ineffective-assistance-of-appellate-counsel claims, stating that appellate counsel rendered ineffective assistance by failing to raise on direct appeal these same claims of ineffective assistance of trial counsel.
The circuit court, upon denying Johnson's petition, initialed a line on a preprinted dismissal order that read, "This Court tried the case and finds that the petitioner has failed to meet his burden of proof regarding claim(s), which allege ineffective assistance of counsel." (C.R. 3.)
On appeal, Johnson argues that he was entitled to an evidentiary hearing on his claims, and he reiterates his arguments from his petition to the circuit court.[1] However, because we remand this case for the circuit court to address one of Johnson's claims of ineffective assistance of trial and appellate counsel, the outcome of which could result in reversible error, we refrain from addressing the remaining claims until the court has resolved that issue and returned the cause to this Court.
Initially, it is important to distinguish between a petitioner's burden to plead and a petitioner's burden to prove.
 "[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must only provide `a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), Ala.R.Crim.P. Once a petitioner has met his *Page 1080 
 burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."
Ford v. State, 831 So.2d 641, 644 (Ala.Crim.App. 2001). A claim may not be summarily dismissed because the petitioner failed to meet his burden of proof at the initial pleading stage, a stage at which the petitioner has only a burden to plead. See Smith v. State, 581 So.2d 1283, 1284
(Ala.Crim.App. 1991) ("When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.Chaverst v. State, 517 So.2d 643, 644 (Ala.Cr.App. 1987). Further, when a petition contains matters which, if true, would entitle the petitioner to relief, an evidentiary hearing must be held. Ex parte Boatwright,471 So.2d 1257, 1258 (Ala. 1985).").
Rule 32.7(d), Ala.R.Crim.P., provides for the summary disposition of a Rule 32 petition only
 "[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2, Ala.R.Crim.P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings. . . ."
"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097 (Ala. 2001). "If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v.State, 516 So.2d 936 (Ala.Cr.App. 1987)." Reed v. State, 748 So.2d 231,233 (Ala.Crim.App. 1999).
 "[T]o prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged test set out by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 "`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.'
"Id. at 687, 104 S.Ct. at 2064.
 "`The performance component outlined in Strickland is an objective one: that is, whether counsel's assistance, judged under "prevailing professional norms," was "reasonable considering all the circumstances."' Daniels v. State, 650 So.2d 544, 552
(Ala.Cr.App. 1994) (quoting Strickland, 466 U.S. at 688, 104 S.Ct. at 2065). Once a defendant has identified the specific acts or omissions that allegedly were not the result of reasonable professional judgment on counsel's part, the court must determine whether those acts or omissions fall outside the wide range of professionally competent assistance. Id.
 "When reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel's conduct was appropriate and reasonable. Hallford v. State, 629 So.2d 6 (Ala.Cr.App. 1992), cert. denied, 511 U.S. 1100, *Page 1081 114 S.Ct. 1870, 128 L.Ed.2d 491 (1994); Luke v. State, 484 So.2d 531 (Ala.Cr.App. 1985).
 "`Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.'
 "Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted). See Ex parte Lawley, 512 So.2d 1370, 1372 (Ala. 1987).
 "And, even if an attorney's performance is determined to be deficient, the petitioner is not entitled to relief unless it is also established that `there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
 "In an ineffective assistance of counsel claim, the burden is on the claimant to show that his counsel's assistance was ineffective. Ex parte Baldwin, 456 So.2d 129 (Ala. 1984), aff'd, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985)."
McNair v. State, 706 So.2d 828, 839 (Ala.Crim.App. 1997).
Johnson claimed in his petition, among other things, that his trial counsel had rendered ineffective assistance by not objecting to the trial court's failure to swear the jury venire prior to voir dire. He contended that the record is silent and that, therefore, he was due an evidentiary hearing to determine whether the jury venire was sworn. This claim is facially meritorious, and summary disposition was therefore inappropriate. The failure to swear a jury venire is reversible error, and we will not assume from a silent record that the venire was sworn.Holland v. State, 668 So.2d 107 (Ala.Crim.App. 1995) (cited with approval in Ex parte Hamlett, 815 So.2d 499 (Ala. 2000)). Therefore, we remand this cause to the trial court in order for it to determine whether or not the venire was sworn. This determination is an integral part of the questions of whether trial or appellate counsel, or both, rendered ineffective assistance for failing to object to this error at trial or on appeal. We reserve ruling on the ineffective-assistance claims based on Johnson's claim that the trial court failed to administer the oath to the venire until return has been made to this Court.
Due return shall be made to this court within 42 days of the release of this opinion. *Page 1082 
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.
[1] In the amendment to his petition, which the trial court evidently allowed, Johnson claimed that trial court was without subject matter jurisdiction to adjudicate him guilty and to sentence him because, he argued, § 13A-8-41, Ala. Code 1975, violates the Alabama Constitution of 1901 in that it does not have an enacting clause or a title indicating the subject matter of the section.
However, on appeal, Johnson does not address the claims in the amendment. Therefore, he has abandoned those claims regarding the constitutionality of § 13A-8-41, Ala. Code 1975. See Brownlee v.State, 666 So.2d 91, 93 (Ala.Crim.App. 1995) (holding that "[w]e will not review issues not listed and argued in brief").
 *Page 67