David Matthew Thomas appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1984 conviction for robbery in the first degree and his resulting sentence of life imprisonment. This Court affirmed Thomas's conviction and sentence on direct appeal. See Thomas v. State, 494 So.2d 840 (Ala.Crim.App. 1986).
Thomas filed the present petition, his second, on October 22, 2003. In his petition, Thomas alleged that his conviction and sentence should be vacated because, he said, he was not competent to stand trial. After receiving a response from the State, the circuit court summarily denied Thomas's petition on January 13, 2004, finding that it was barred by the limitations period in Rule 32.2(c), Ala.R.Crim.P.
The circuit court erred in finding that Thomas's petition was barred by Rule 32.2(c). Although Thomas's petition was clearly filed long after the limitations period had expired, the claim in his petition — that he was incompetent to stand trial — is a substantive due-process claim that is not subject to any of the procedural bars in Rule 32.2, including the limitations period. See Nicks v. State, 783 So.2d 895 (Ala.Crim.App. 1999) (holding that Rule 32 petitioner's claim that he was tried and convicted while mentally incompetent was a substantive due-process claim not subject to the procedural bars in Rule 32.2). See also Glass v. State, [Ms. CR-03-0136, April 30, 2004] ___ So.2d ___ (Ala.Crim.App. 2004).
In addition, our review of Thomas's petition reveals that he pleaded his claim with sufficient specificity to satisfy the requirements *Page 310 
in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P. Thomas alleged in his petition, among other things, that he had a long history of mental illness dating back to his childhood; that before he was tried and convicted in 1984, he had been diagnosed as mentally retarded, sociopathic and schizophrenic "with antisocial personality" (C. 32); that he suffered from delusions that made it difficult for him "to deal with reality" (C. 32); that he had spent two months in Bryce Hospital, a mental health facility operated by the State Department of Mental Health and Mental Retardation, in 1980 where many of the above-listed diagnoses had been made; that he had been taking "antipsychotic drugs" his entire life (C. 32); and that because of his mental illness and the medications he was taking he was unable to understand the nature of the proceedings against him or to consult with his counsel in order to assist in his defense.
We note that the State argues on appeal that Thomas failed to prove by a preponderance of the evidence that he was incompetent and that, therefore, this Court should affirm the circuit court's summary denial of the petition. See, e.g., Long v. State,675 So.2d 532, 533 (Ala.Crim.App. 1996) (where the judgment of the circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court). However, Thomas had no burden of proof at the pleading stage of the Rule 32 proceeding; he had only the burden to plead sufficient facts to satisfy Rule 32.3 and Rule 32.6(b). As this Court noted in Ford v. State, 831 So.2d 641 (Ala.Crim.App. 2001):
 "[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only `a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), Ala.R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."
831 So.2d at 644.
In this case, Thomas satisfied his burden of pleading under Rule 32.3 and Rule 32.6(b). In addition, the State did not refute Thomas's allegation that he was incompetent to stand trial in its response to the petition. "`When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'" Bates v. State, 620 So.2d 745, 746
(Ala.Crim.App. 1992), quoting Smith v. State, 581 So.2d 1283,1284 (Ala.Crim.App. 1991). Thomas has pleaded facts that, if true, may entitle him to relief; he is entitled to an opportunity to present evidence to support those facts.
Therefore, we remand this case for the circuit court to conduct an evidentiary hearing on Thomas's claim that he was incompetent to stand trial. If necessary, the court may appoint counsel to represent Thomas at the evidentiary hearing. The court shall issue specific written findings of fact regarding Thomas's claim, and it may grant whatever relief it deems necessary. Due return shall be filed with this Court within 63 days of the date of this opinion. The return to remand shall include the circuit court's written findings, a transcript of the evidentiary hearing, and any evidence received by the court. *Page 311 
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
* Note from the reporter of decisions: On December 17, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 14, 2005, that court denied rehearing, without opinion. On March 11, 2005, the Supreme Court denied certiorari review, without opinion (1040611).