Willie Edward Lewis appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1982 guilty-plea conviction for robbery in the second degree and his resulting sentence of two years' imprisonment. Lewis did not appeal his conviction and sentence. *Page 549 
Lewis filed the present petition on August 10, 2004. In his petition, Lewis alleged that the trial court lacked jurisdiction to accept his guilty plea to second-degree robbery because, he said, second-degree robbery was not a lesser-included offense of first-degree robbery as charged in his indictment. Specifically, Lewis argued that the first-degree-robbery indictment did not allege that he was aided in the commission of the robbery by another person and that the indictment was never amended to include such an allegation. After receiving a response from the State, the circuit court summarily denied the petition on November 30, 2004.
In its brief on appeal, the State correctly concedes that this case must be remanded for a determination of whether the first-degree-robbery indictment was properly amended to add the fact that Lewis was aided in the robbery by another person before Lewis pleaded guilty to second-degree robbery. We note, however, that in its response to Lewis's petition the State argued that Lewis had failed to prove his claim and in its order summarily denying Lewis's petition the circuit court found both that Lewis had failed to plead his claim and that he had failed to prove his claim. However, Lewis had no burden of proof at the pleading stage. As this Court explained in Fordv. State, 831 So.2d 641 (Ala.Crim.App. 2001):
 "[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only `a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), Ala. R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."
831 So.2d at 644. See also Thomas v. State,908 So.2d 308 (Ala.Crim.App. 2004); Borden v. State, 891 So.2d 393
(Ala.Crim.App. 2002); and Johnson v. State,835 So.2d 1077 (Ala.Crim.App. 2001). Moreover, contrary to the circuit court's finding, Lewis satisfied his burden of pleading under Rule 32.3 and 32.6(b), Ala.R.Crim.P. Therefore, the circuit court erred in finding that Lewis failed to plead and to prove his claim.
Lewis attached as an exhibit to his Rule 32 petition a copy of the indictment returned against him by the grand jury; that indictment charged:
 "Willie Edward Lewis, [w]hose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of $263.00 in lawful currency or coinage or currency and coinage of the United States of America, a better description of which is unknown to the Grand Jury, of the value of $263.00, the property of Mary Findley, use force against the person of the owner or any person present, Mary Findley, with the intent to overcome her physical resistance or physical power of resistance, or threaten the imminent use of force against the person of the owner or any person present, Mary Findley, with the intent to compel acquiescence to the taking of or escaping with the property, while the said Willie Edward Lewis was armed with a deadly weapon or dangerous instrument, to-wit: pistol or an object otherwise unknown to the Grand Jury, in violation of Section 13A-41 of the Code of Alabama."
(C. 19.)
In Ex parte Cole, 842 So.2d 605 (Ala. 2002), the Alabama Supreme Court stated:
 "When, as here, an indictment for first-degree robbery fails to set forth facts *Page 550 
from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained [the defendant's] consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a)[, Ala. R.Crim. P.]. That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
842 So.2d at 609. In Toliver v. State, 881 So.2d 1070
(Ala.Crim.App. 2003), this Court explained:
 "It is well settled that `[r]obbery in the second degree is not a lesser included offense of robbery in the first degree, unless the defendant is aided in the commission of the robbery by another person actually present. . . .' Howard v. State, 710 So.2d 456, 458 (Ala.Crim.App. 1996), remanded on other grounds, 710 So.2d 460 (Ala. 1997). We believe that the point of Ex parte Cole was that the fact that the defendant was aided in the commission of the robbery by another person must be included within the first-degree-robbery charge itself for second-degree robbery to be a lesser-included offense of first-degree robbery. In other words, if the first-degree-robbery charge does not include the fact that the defendant was aided in the robbery by another person, then second-degree robbery is not a lesser-included offense of first-degree robbery, and a trial court would not have jurisdiction to accept a plea to second-degree robbery because that offense would not be encompassed within the first-degree-robbery indictment. Of course, as the Supreme Court noted in Ex parte Cole, because the offense of robbery in the first degree is broad enough to encompass the fact that the defendant was aided in the robbery by another person, amending an indictment charging first-degree robbery to include that fact would not violate Rule 13.5(a), Ala.R.Crim.P. However, amending an indictment charging first-degree robbery that did not include the fact that the defendant was aided in the robbery by another person to charge second-degree robbery — either by a formal and express amendment to the indictment or by the entry of a plea to second-degree robbery — would violate Rule 13.5(a) because, under those circumstances, second-degree robbery would not be a lesser-included offense of first-degree robbery."
881 So.2d at 1074. See also Wright v. State,902 So.2d 738 (Ala. 2004), and Childers v. State,899 So.2d 1025 (Ala. 2004).
The record before us does not contain a transcript of the guilty-plea colloquy; thus, we cannot determine whether the indictment charging Lewis with first-degree robbery was amended to include the allegation that he was aided in the robbery by another person. Further, as noted above, the State alleged in its response only that Lewis had failed to prove his claim; it did not, however, refute Lewis's claim. Thus, we must accept Lewis's allegation as true. See, e.g., Bates v. State,620 So.2d 745, 746 (Ala.Crim.App. *Page 551 
1992), quoting Smith v. State, 581 So.2d 1283, 1284
(Ala.Crim.App. 1991) ("`When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'").
Based on the foregoing, we remand this case for the circuit court to determine whether the indictment charging first-degree robbery was amended to add the fact that Lewis was aided in the robbery by another person and for that court to issue specific written findings of fact in that regard. The court shall either conduct an evidentiary hearing or take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim.P. If the court determines that the indictment charging Lewis with first-degree robbery was properly amended to add the fact that Lewis was aided in the robbery by another person, the court should so state in its order. If, however, the court determines that the indictment was not properly amended to add the fact that Lewis was aided in the robbery by another person, it shall vacate Lewis's conviction for second-degree robbery. Due return shall be filed with this Court within 42 days from the date of this opinion. The return to remand shall include the circuit court's written findings, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received by the court on remand.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and WISE, JJ., concur. BASCHAB, J., concurs in the result.
* Note from the reporter of decisions: On September 16, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.