Rodney Oneal Hanna appeals the circuit court's summary denial of his second Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he requested an out-of-time appeal from the denial of his first Rule 32 petition.
Hanna filed this petition on November 23, 2006. In his petition, Hanna alleged that, through no fault of his own, he had failed to appeal the denial of his previous Rule 32 petition, in which he had attacked his convictions in 2004 for attempted murder and unlawful possession of a firearm by a person forbidden to carry a firearm and his resulting sentences, as an habitual offender, of life imprisonment without the possibility of parole for the attempted-murder conviction and life imprisonment for the possession conviction. Specifically, Hanna alleged that the circuit court had summarily denied the previous petition on July 18, 2006, and that, although the case-action summary indicated that a copy of the order was mailed to him, he did not actually receive a copy of the order denying the petition until it was too late to timely file a notice of appeal. Hanna further alleged that on October 3, 2006, he had filed a motion with the circuit court requesting an out-of-time appeal and that the circuit court had granted his motion, but that this Court had subsequently dismissed the appeal on the ground that Rule 32 was the proper avenue for requesting an out-of-time appeal from the denial of a previous Rule 32 petition. (Case no. CR-06-0107.) On January 11, 2007, the State filed a response to Hanna's petition in which it argued that a notation on the case-action summary indicating that a copy of the July 18, 2006, order denying his previous petition was mailed to Hanna on July 19, 2006, established that Hanna was served with a copy of the order and that Hanna had failed to present any evidence to support his claim that he did not receive a copy of the order. On January 30, 2007, Hanna filed a reply to the State's response, to which he attached a document entitled "Inmate Request Slip." (C. 17.) That document reflects a request by Hanna that the mailroom at his prison facility examine the mailroom logs and determine if he had received any legal mail around July 19, 2006, and a response from the mailroom indicating that the only legal mail Hanna received on July 19, 2006, was from a federal district court and from this Court. On February 15, 2007, the circuit court summarily denied Hanna's petition "on the grounds raised in the State's response." (C.1.)
On appeal, Hanna contends that the circuit court erred in summarily denying his petition because, he says, he is entitled to an out-of-time appeal from the denial of his previous petition, or, at the very least, he is entitled to an evidentiary hearing on his claim. We agree that Hanna is entitled to an opportunity to present evidence in support of his claim.
Initially, we point out that in denying Hanna's petition, the circuit court adopted the reasons set forth in the State's response, one of which was that Hanna had failed to present any evidence in support of his claim. However, as this Court explained in Ford v. State, 831 So.2d 641
(Ala.Crim.App. 2001): *Page 79 
 "[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only `a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), Ala.R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."
831 So.2d at 644. At the pleading stage of the proceedings, Hanna had no burden to present evidence in support of his claim; he was required only to plead facts sufficient to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), Ala. R.Crim.P. Hanna pleaded sufficient facts to satisfy the pleading requirements.
In addition, the State's argument, both in its response to Hanna's petition and in its brief on appeal, that the notation on the case-action summary indicating that a copy of the court's July 18, 2006, order was mailed to Hanna on July 19, 2006, is proof that Hanna was served with a copy of the order, is unavailing. The notation on the case-action summary states: "7/19/06 Copy to DA, Defendant." (C. 3.)[1] However, the fact that a copy of the order was placed in the mail does not prove that it was actually received by Hanna. Indeed, that is the entire basis for Hanna's argument — Hanna admitted in his petition that the case-action summary indicated that a copy of the order had been mailed to him, but he claimed that he did not receive the order. The State never actually refuted Hanna's claim that he did not receive the order. Therefore, Hanna's claim must be accepted as true. See Bates v.State, 620 So.2d 745, 746 (Ala.Crim.App. 1992) ("`When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'"), quotingSmith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App. 1991).
Hanna's claim is not barred, [2] is meritorious on its face, is sufficiently pleaded, and is unrefuted by the State; therefore, Hanna is entitled to an opportunity to prove his claim. Accordingly, we remand this case for the circuit court to allow Hanna an opportunity to present evidence to support his allegation that he failed to appeal his previous Rule 32 petition through no fault of his own because he did not receive the copy of the circuit court's order denying his petition that was mailed to him. The court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim.P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Hanna's claim and may grant whatever relief it deems necessary. Due return shall be filed within 42 days of the date of this opinion, and shall include the circuit court's written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received and/or relied on by the court in making its findings. *Page 80 
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
[1] Because neither party makes any argument in this regard, we assume that this notation means that the copy was, in fact, mailed on July 19, 2006, and does not mean that the circuit court merely ordered a copy to be mailed.
[2] Hanna's petition was timely filed within six months of his allegedly learning of the circuit court's denial of his previous petition. See Rule 32.2(c), Ala.R.Crim.P.
* Note from the reporter of decisions: On March 28, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.