SHAW, Judge.
 

 Mark Partain appeals the circuit court’s summary denial of his Rule 32, Ala. R.Crim.P., petition for postconviction relief, in which he attacked his 2004 conviction for capital murder and his resulting sentence of life imprisonment without the possibility of parole. This Court affirmed Partain’s conviction and sentence on appeal. See
 
 Partain v. State
 
 (No. CR-04-0631), 933 So.2d 415 (Ala.Crim.App.2005). The Alabama Supreme Court denied cer-tiorari review, and this Court issued a certificate of judgment on December 9, 2005.
 

 Partain filed his Rule 32 petition on or about September 26, 2006. In his petition, Partain alleged that his trial counsel was ineffective for a number of reasons. Specifically, Partain listed the following allegations of ineffective assistance of trial counsel in his petition:
 

 (1) Counsel refused to allow Partain to testify at trial;
 

 (2) Counsel did not timely investigate or interview a nurse from the Nashville, Tennessee, jail or attempt to subpoena her to testify at trial about the severity and possible causes of Partain’s injuries when he was taken into custody, the pain those injuries would have caused, and Partain’s mental state at the time he was taken into custody;
 

 (3) Counsel did not seek or obtain expert testimony to show that the damage to the window was caused years before the alleged break-in that gave rise to the burglary element of the capital charge;
 

 (4) Counsel did not seek or obtain expert testimony on battered spouse syndrome; and
 

 (5) Counsel generally failed to properly investigate the case by failing to obtain mental-health records, testimony from a neighbor about the damage to the window, testimony from Partain’s mother about Partain’s injuries, and information from Partain’s friend about the alleged abusive behavior Partain received from the victim.
 

 After receiving a response from the State, the circuit court summarily denied the petition on January 23, 2007, finding that Partain’s allegations of ineffective assistance of counsel were barred by Rule 32.2(a)(5), Ala.R.Crim.P.; that Partain failed to satisfy both his burden of pleading and his burden of proving his allegations; and that his allegations were without merit based on the court’s recollection of Partain’s trial.
 

 Initially, we note that the circuit court erred in finding Partain’s allegations of ineffective assistance of counsel to be barred by Rule 32.2(a)(5). When an ineffective-assistance-of-counsel claim cannot reasonably be presented in a timely filed motion for a new trial, see Rule 24.1, Ala. R.Crim.P., the proper method for presenting the claim is in a Rule 32 petition. See
 
 Ex parte Ingram,
 
 675 So.2d 863 (Ala.1996). In this case, Partain was represented by different counsel at trial and on appeal; however, appellate counsel was not appointed until after the time for filing a motion for a new trial had lapsed. It was trial counsel who filed the motion for a
 
 *285
 
 new trial on Partain’s behalf.
 
 [1]
 
 Therefore, Partain’s allegations of ineffective assistance of trial counsel could not have reasonably been raised in the motion for a new trial.
 

 We note further that, contrary to the circuit court’s apparent finding, Par-tain had no burden of proof at the pleading stage. As this Court explained in
 
 Ford v. State,
 
 831 So.2d 641 (Ala.Crim.App.2001):
 

 “[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only ‘a clear and specific statement of the grounds upon which relief is sought.’ Rule 32.6(b), Ala. R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”
 

 831 So.2d at 644. See also
 
 Thomas v. State,
 
 908 So.2d 308 (Ala.Crim.App.2004);
 
 Borden v. State,
 
 891 So.2d 393 (Ala.Crim.App.2002); and
 
 Johnson v. State,
 
 835 So.2d 1077 (Ala.Crim.App.2001). Thus, to the extent the circuit court denied Par-tain’s petition on the ground that Partain failed to
 
 prove
 
 his allegations of ineffective assistance of counsel, that denial was improper.
 

 That being said, many of the allegations in Partain’s petition were properly denied on the ground that Partain failed to meet the
 
 pleading
 
 requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P. Rule 32.3 provides, in pertinent part, that “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” Pursuant to Rule 32.6(b):
 

 “The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.”
 

 As this Court noted in
 
 Boyd v. State,
 
 913 So.2d 1113 (Ala.Crim.App.2003):
 

 “
 
 ‘Rule 32.6(b) requires that the
 
 petition
 
 itself disclose the
 
 facts
 
 relied upon in seeking relief.’
 
 Boyd v. State,
 
 746 So.2d 364, 406 (Ala.Crim.App.1999). In other words, it is not the pleading of a
 
 conclusion
 
 *which, if true, entitle[s] the petitioner to relief.’
 
 Lancaster v. State,
 
 638 So.2d 1370, 1373 (Ala.Crim.App.1993). It is the allegation of
 
 facts
 
 in pleading which, if true, entitle[s] a petitioner to relief.
 
 After facts
 
 are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala.R.Crim.P., to present evidence proving those
 
 alleged facts.”
 

 913 So.2d at 1125.
 

 In
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel’s performance was deficient and (2) that the deficient performance actually prejudiced the defense. To establish prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional er
 
 *286
 
 rors, the result of the proceeding would have been different.” 466 U.S. at 694, 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
 
 Id.
 
 Furthermore, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” 466 U.S. at 689, 104 S.Ct. 2052.
 

 As this Court explained in
 
 Hyde v. State,
 
 950 So.2d 344 (Ala.Crim.App.2006):
 

 “The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The
 
 full
 
 factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See
 
 Bracknell v. State,
 
 883 So.2d 724 (Ala.Crim.App.2003). To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must ‘identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,’
 
 Strickland v. Washington,
 
 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating ‘that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ 466 U.S. at 694, 104 S.Ct. 2052. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient.”
 

 950 So.2d at 356.
 

 With regard to Partain’s claims (2), (3), (4), and (5), set out above, we agree with the circuit court that Partain failed to plead sufficient facts supporting both prongs of the
 
 Strickland
 
 test. These allegations consisted of little more than con-clusory statements, much of which involved Partain’s desire to present evidence that, based on the record before this Court, would have amounted to cumulative evidence, and none of these assertions indicate a reasonable probability that the outcome of Partain’s trial would have been different had counsel acted differently. Therefore, summary denial of these allegations of ineffective assistance of counsel was proper.
 

 However, with regard to Partain’s contention that counsel was ineffective for allegedly preventing Partain from testifying at trial despite his desire to testify, claim (1), set out above, Partain pleaded sufficient facts to meet his burden of pleading with regard to both prongs of the
 
 Strickland
 
 test. See, e.g.,
 
 Miller v. State,
 
 1 So.3d 1073 (Ala.Crim.App.2007). See also
 
 Reeves v. State,
 
 974 So.2d 314, 325 (Ala.Crim.App.2007) (“A defendant has a fundamental right to testify on his own behalf, that right is personal to the defendant, and defense counsel may not waive that right.”).
 

 We recognize that a circuit judge who has personal knowledge of the facts underlying an allegation of ineffective assistance of counsel may summarily deny that allegation based on the judge’s personal knowledge of counsel’s performance. See, e.g.,
 
 Ex parte Walker,
 
 800 So.2d 135 (Ala.2000). We likewise recognize that the circuit judge who ruled on the petition in this case was the same judge who presided over Partain’s trial and specifically stated in his order that he had the “opportunity to observe counsel’s performance throughout the proceedings” and found counsel to
 
 *287
 
 be effective. (C. 63.) However, this particular claim of ineffective assistance of counsel was not within the court’s personal knowledge. The transcript of Partain’s trial reflects no discussions on the record regarding Partain’s not testifying, and the allegations in Partain’s petition reflect that this allegation is based entirely on communications between him and his counsel, to which the circuit judge was not privy. Thus, the circuit judge could not have found this allegation to be meritless based on his own personal knowledge.
 

 In addition, although the district attorney asserted in her response to the petition that she had spoken "with Partain’s counsel and that counsel had denied Par-tain’s allegation in this regard, the State did not attach to its response an affidavit from counsel or any other evidence to support that assertion. Thus, although Par-tain’s allegation does not have to be accepted as true, as would be the case if the allegation had gone completely unrefuted by the State, the circuit court was faced with competing pleadings — a sufficiently pleaded allegation of ineffective assistance of counsel by Partain and an unsupported assertion by the State that the allegation was meritless — and was required at that point either to conduct an evidentiary hearing or to accept evidence in other forms, see Rule 32.9(a), Ala.R.Crim.P., regarding Partain’s allegation and then to rule on the merits of the allegation.
 

 Based on the foregoing, we remand this case for the circuit court either to conduct an evidentiary hearing or to accept evidence in the form of affidavits, written interrogatories, or depositions, see Rule 32.9(a), regarding Partain’s claim that his trial counsel was ineffective for refusing to permit him to testify at trial and to then issue specific written findings of fact regarding that allegation. The circuit court may grant whatever relief it deems necessary. Due return shall be filed within 42 days of the date of this opinion, and shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received and/or relied on by the court in making its findings.
 

 REMANDED WITH DIRECTIONS.
 
 *
 

 BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
 

 [1]
 

 . This Court may take judicial notice of its own records, and we do so in this case. See
 
 Hull v. State,
 
 607 So.2d 369, 371 (Ala.Crim.App.1992).
 

 *
 

 Note from the reporter of decisions: On September 30, 2009, after the trial court had responded to the Court of Criminal Appeals' remand order, the Court of Criminal Appeals again remanded this case to the trial court by order. On May 21, 2010, on return to that second remand, the Court of Criminal Appeals affirmed, without opinion.