STUART, Justice
(concurring specially).
I agree with the main opinion that a circuit- court’s summary dismissal of a ground pleaded pursuant to Rule 32.1(a), Ala. R.Crim. P., because the petitioner failed “to affirmatively plead [in his petition] the absence of facts sufficient to sustain a defense of preclusion under Rule 32.3[, Ala. R.Crim. P.,] is error.” 190 So,3d at 575. In this case, the circuit court’s summary dismissal was pretaature. As the main opinion provides, Beckworth was not required to plead facts in his petition to avoid the application of the preclusionary bars to his grounds. However, after the State in its response asserted that his grounds were precluded, Beck-worth had the burden of establishing in his reply to the State’s answer and/or.at a hearing that the preclusionary bars pleaded by the State were inapplicable and that summary dismissal was improper. See Ex parte Pierce, 851 So.2d 606, 616 (Ala.2000). Because the circuit court summarily dismissed 'Beckworth’s petition before Beck-worth had an opportunity to establish that the preclusionary bars were inapplicable and because the record on its face does not establish that the application of the preclu-sionary- bars was proper, the judgment must be reversed. If Beckworth can establish that the application of the preclu-sionary bars is improper, then he avoids summary disposition of his petition and is entitled to a hearing on the merits of his grounds. Ford v. State, 831 So.2d 641, 644 (Ala.Crim.App.2001) (“Once a petitioner has met his burden of < pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala. R.Crim. P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”).
I further observe that the Court of Criminal Appeals in McWhorter v. State, 142 So.3d 1195 (Ala.Crim.App.2011), properly recognized'that a Brady Violation may be pleaded pursuant to the provision for relief in Rule 32.1(a). See also Yeomans v. State, [Ms. CR-10-0095, March 29, 2013] — So.3d - (Ala.Crim.App.2013). These decisions implicitly overrule Payne v. State, 791 So.2d 383, 398 (Ala.Crim.App.1999), and its" progeny, which held that “[a] postconviction Brady [v. Maryland], 373 U.S. 83 (1963) ] claim raised in a Rule 32 petition must meet all five prerequisites of ‘newly discovered evidence’ in Rule 32.1(e) Ala. R.Crim. P.” McWhorter, 142 So.3d at 1259.