WELCH, Judge.
Demetric Devon Smith appeals the circuit court's denial of his motion to withdraw his guilty pleas.
On April 8, 2015, Smith entered blind guilty pleas to first-degree robbery, a violation of § 13A-8-41, Ala.Code 1975, and to reckless endangerment, a violation of § 13A-6-24, Ala.Code 1975. On May 6, 2015, the circuit court held a sentencing hearing and sentenced Smith to 30 years' imprisonment for his robbery conviction and to 1 year in jail for his reckless-endangerment conviction. The sentences were to run concurrently.
On June 3, 2015, Smith, through new counsel, filed a motion to withdraw his guilty pleas. In that motion, Smith argued that he should be allowed to withdraw his guilty pleas because, he said, the pleas were not voluntarily and intelligently made. Specifically, Smith contended that, although he did not enter his guilty pleas pursuant to a plea agreement, his attorney had represented to him that he would receive either probation or a split sentence in exchange for his guilty pleas. Along with his motion, Smith filed an accompanying affidavit in which he stated that his trial counsel told him that he would receive either probation or a sentence of 15 years in prison, which would be split, and he would serve two years. Smith averred that he would not have pleaded guilty but for that representation by his trial counsel.
On June 15, 2015, the circuit court, without receiving a response from the State or holding a hearing, denied Smith's motion *161 to withdraw his guilty pleas. In its order, the circuit court stated:
"This matter is before the Court on the DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA filed by DEMETRIC DEVON SMITH. The matter came to be heard for jury trial on April 8, 2015, and prior to opening statements, the Defendant entered a blind plea which the court accepted. The Court conducted a colloquy with the Defendant and his counsel in open court and the Court finds that the plea was entered into voluntarily, and that the denial of the request would not render a manifest injustice; therefore, it is ORDERED that the REQUEST TO WITHDRAW GUILTY PLEA is hereby DENIED."
(C. 58.) This appeal follows.
On appeal, Smith argues that the circuit court erred when it denied his motion to withdraw his guilty pleas without first conducting a hearing and requests that we remand this cause for the circuit court to hold a hearing at which he is afforded an opportunity to present evidence. The State argues that remand is not necessary because, it says, Smith did not "even meet a threshold burden to necessitate an evidentiary hearing." (State's Brief, pp. 4, 6.) The State contends that the record does not indicate, and that Smith did not aver, that the circuit court indicated to Smith that he would receive probation or a split sentence and that, therefore, Smith cannot claim that he did not voluntarily enter his guilty pleas. The State points to the guilty-plea colloquy in support of its position that even if Smith's trial counsel told Smith that he would receive probation or a split sentence, the circuit court "took any certainty of that off the table." (State's brief, pp. 11-12.)
Generally, the mere hope for a specific sentence is not sufficient to warrant setting aside a guilty plea. See State v. Holman, 486 So.2d 500, 503 (Ala.1986). Smith's claim, however, is that he was informed by his counsel that he would be sentenced either to probation or to a split sentence. "[A] misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary." Ex parte Blackmon, 734 So.2d 995, 997 (Ala.1999). In Ford v. State, 831 So.2d 641 (Ala.Crim.App.2001), this Court held that an evidentiary hearing was warranted when a petitioner challenged the voluntariness of his guilty plea on the ground that his trial counsel allegedly misrepresented that he would receive a split sentence if he pleaded guilty. Here, as in Ford, Smith has satisfied his burden of pleading. Absent the opportunity to present evidence to prove Smith's claim, the Ireland [1] form and guilty-plea colloquy transcript are not sufficient to refute his claim.
Therefore, we must remand this case to the circuit court to allow Smith an opportunity to present evidence to support his claim that his guilty pleas were involuntary because of his counsel's alleged misrepresentation that he would receive either probation or a 15-year split sentence if he pleaded guilty. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Smith's claim and may grant whatever relief it deems necessary. Due return shall be filed with this Court within 56 days of the release of this opinion and shall include the circuit court's written findings of fact, a transcript of the evidentiary hearing, and any other evidence received or relied on by the court in making its findings.
REMANDED WITH DIRECTIONS.*
*162 WINDOM, P.J., and KELLUM and BURKE, JJ., concur.
JOINER, J., concurs specially, with opinion.
JOINER, Judge, concurring specially.
Our caselaw requires this Court to remand this case for Demetric Devon Smith to receive an evidentiary hearing on his motion to withdraw his guilty plea. In a case such as this, it seems to be a waste of scarce judicial resources to require the circuit court to conduct a hearing. Smith's claim is clearly refuted by the record:
"THE COURT: So, Mr. Smith, has anybody tried to force you to plead guilty?
"....
"THE DEFENDANT: No, ma'am.
"THE COURT: Has anybody promised you anything in order to get you to enter a plea today?
"THE DEFENDANT: No, ma'am."
(R. 4; emphasis added.)
Smith had an obligation to be truthful with the circuit court, and his defense counsel had an ethical duty to correct any material misrepresentation he made to Smith. Defense counsel's silence in response to Smith's statement is evidence that counsel made no promises to Smith. Therefore, I urge the Alabama Supreme Court to revisit the line of decisions that requires this outcome.

Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (Ala.Crim.App.1971).

Note from the reporter of decisions: On April 21, 2017, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 19, 2017, that court denied rehearing, without opinion. On August 11, 2017, the Supreme Court denied certiorari review, without opinion (1160771).